UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIVULIS IRRIGATIONS, INC.,

      Plaintiff,

v.

                                                          Case No. 1:20-cv-739

JOVITA CARRANZA, *in her capacity as*
*Administrator of the United States Small*
*Business Administration*,

                                                          HON. JANET T. NEFF

      Defendant.

_____/

**ORDER**

Pending before the Court is Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue (ECF No. 2), pursuant to Federal Rule of Civil Procedure 65(b)(1).  Plaintiff requests expedited consideration. Having reviewed the Motion and the record, the Court denies the motion for a temporary restraining order.

Plaintiff Rivulis Irrigations, Inc., initiated this case against Defendant Administrator of the U.S. Small Business Administration (SBA) on August 6, 2020 with the filing of a Verified Complaint for Declaratory Judgment and Immediate Injunctive Relief (ECF No. 1).  Rivulis seeks injunctive relief enjoining the SBA from taking any action to prevent Rivulis from obtaining nearly $4 million in funds that were previously awarded as a loan to Rivulis under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act").  Specifically, Rivulis seeks a temporary restraining order preventing the SBA from rejecting Rivulis' renewed application under the CARES Act's Paycheck Protection Program ("PPP")—which Rivulis must submit by August 8,

2020, the last date upon which applicants may apply for loans under the PPP.  Rivulis states such

relief is necessary so that Plaintiff will be able to preserve its remedy of recovering the PPP funds

to which it plainly is entitled under the law.

Rule 65(b)(1) allows the court to issue a temporary restraining order without written or oral

notice to the adverse party or his attorney only if:

> (A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

To determine whether to issue a temporary restraining order, a district court considers (1)

whether the movant has a strong likelihood of success on the merits; (2) whether the movant will

suffer irreparable injury absent injunctive relief; (3) whether issuance of an injunction would cause

substantial harm to others; and (4) whether the public interest would be served by issuance of an

injunction.  *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*,

467 F.3d 999, 1009 (6th Cir. 2006).  The four considerations are factors to be balanced together,

not prerequisites that must be satisfied.  *Id*.  Further, the probability of success that must be

demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer

absent the stay.  *Id.*

Having reviewed the Motion and the Verified Complaint, the Court is not persuaded that

the circumstances described therein demonstrate "immediate and irreparable" injury, loss, or

damage will result to Plaintiff such that a Temporary Restraining Order should issue before

Defendant can be heard in opposition.  *See* Fed. R. Civ. P. 65(b)(1).

As a threshold matter, it is unclear from the Complaint whether venue properly lies in this District to hear this matter, given the lack of factual basis provided in the Complaint.  But even assuming venue is proper, the additional circumstances presented do not indicate that emergency ex parte injunctive relief is warranted.

Plaintiff acknowledges that it returned its initial PPP loan of $3,709,308 to Bank Leumi on May 13, 2020, and has known since shortly after that time of its predicament concerning its potential qualification for a PPP loan under the SBA's changing guidance.  Plaintiff states that "[t]hroughout May, June and July, in response to the SBA's statement in the revised version of the interim final rule, Rivulis contacted the SBA and its lender, Bank Leumi, and attempted to obtain a return of the PPP Funds or, in the alternative, an opportunity to re-apply for the PPP Funds," but received no response to multiple inquiries to the SBA (ECF No. 2 at PageID.32).  Despite being aware of its circumstances for some time, Plaintiff now seeks emergency injunctive relief two days before the SBA's August 8, 2020 loan application deadline.  The Court cannot conclude that immediate relief is warranted with respect to the August 8, 2020 deadline specifically, to maintain the status quo as Plaintiff contends (*see* ECF No. 2 at PageID.27), particularly in light of potential alterative relief of pursuing a reinstatement/return of its previous PPP loan.

Accordingly:

**IT IS HEREBY ORDERED** that Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue (ECF No. 2) is DENIED.

Dated:  August 7, 2020                                            /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge